Edgewood School District *v.* State Board of Education of the Commonwealth of Pennsylvania. Edgewood School District, Appellant.
Churchill Area School District *v.* State Board of Education of the Commonwealth of Pennsylvania. Churchill Area School District, Appellant.
Turtle Creek Area School District *v.* State Board of Education of the Commonwealth of Pennsylvania. Turtle Creek Area School District, Appellant.

Argued September 9, 1976, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers and Blatt. Judges Kramer and Wilkinson, Jr., did not participate.

*Carl W. Brueck, Jr.,* for appellant, Edgewood School District.

*J. Robert Maxwell,* for appellant, Churchill Area School District.

*James C. Evans,* with him *M. E. Evashwick,* for appellant, Turtle Creek Area School District.

*Burton D. Morris,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 25, 1976:

Instant replay is a television technique that has become a common facet of presenting sports events to a suspenseful audience. Although it tends to establish certainty, it does not alter rulings made. Only an appeal or protest of those rulings can result in a different ruling.

Likewise, presenting the same issue twice to the same court will only produce a second ruling that coincides with the first. If a different result is sought, it will generally have to be by the appeal route and not by the replay approach.[1] We hasten to state that the above analogy is not intended as criticism of the appellants here but only as descriptive of their plight or dilemma.

In *Edgewood School District v. State Board of Education,* 17 Pa. Commonwealth Ct. 136, 330 A.2d

---

[1] We recognize the importance and value of petitions for reconsideration in our system of jurisprudence, but they are premised upon rationale different from merely starting again to litigate the same issue.

880 (1975), we held that the reorganization plan of school desegregation submitted by the State Board of Education (State Board) to the United States District Court for the Western District of Pennsylvania (District Court), in compliance with that court's May 15, 1973 order, was not appealable since it was not an adjudication or final order and was merely a recommendation based upon a proceeding before a court.

Subsequent to our holding, the District Court rejected the plan which was the subject of our earlier decision and, by order of May 7, 1975, directed the State Board to submit a second reorganization plan to it. The State Board complied with this order and, on September 29, 1975, submitted a new plan to the District Court. The appellants here, as they did following the submission of the first plan, filed appeals to this Court asserting that the State Board had made an adjudication or final order affecting their rights, privileges, immunities, or obligations.

Therefore, we have a replay of this matter. The District Court has made a second order directing the State Board to submit a second reorganization plan. The State Board has submitted a second reorganization plan. The District Court has not yet acted upon the plan submitted. The appellants have appealed from the State Board's second submitted plan for the same reasons that they appealed from the State Board's first submitted plan. The instant appeals are identically postured in all material respects to those previously passed upon.

We view these appeals to be controlled by our decision in *Edgewood School District v. State Board of Education, supra.* We cannot now explain our reasoning more fully or succinctly than we did in that opinion and accordingly feel no need to rephrase or repeat it here. Although appellants do suggest that the circumstances at the present time are distinguish-

650

able from those existing when we made our first ruling, we must conclude that such is simply not the case, and these appeals, understandably taken to protect future legal positions, are merely reruns of contentions already passed upon by this Court.

Accordingly, we enter the following

ORDER

Now, this 25th day of October, 1976, the above-captioned appeals are hereby dismissed.